# In the United States Court of Federal Claims

No. 23-288

(Filed: January 25, 2024)

```
* * * * * * * * * * * * * * * * *   *
                                    *
OXFORD FEDERAL, LLC,                *
                                    *
                    Plaintiff,      *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
* * * * * * * * * * * * * * * * *   *
```

### MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

Before the Court is Plaintiff's motion for leave to amend its complaint. ECF No. 18. The government opposes Plaintiff's motion on the grounds that (1) the amendments were brought with undue delay and (2) all the potential amendments are futile. ECF No. 19. The Court has considered the parties' briefing on the motion for leave and, for the following reasons, grants Plaintiff leave to amend its complaint.

### BACKGROUND

Plaintiff filed this case against the government on February 27, 2023. *See generally* ECF No. 1 ("Compl."). The complaint alleged three counts arising out of a terminated contract performed at Ramon Air Force Base, Israel. *Id.* ¶ 7.[1]  First, Plaintiff claimed the government's actions during the administration of the contract breached the implied covenant of good faith and fair dealing. *Id.* ¶ 53–137. Second, Plaintiff argued it was entitled to a time extension of 744 calendar days because of excusable delay. *Id.* ¶ 138–83. Finally, Plaintiff alleged the government materially breached the contract by failing to cooperate with Plaintiff, refusing to address time extensions, and actively preventing Plaintiff from carrying out approved corrective action plans. *Id.* ¶ 184–206.

Four months later, the government moved to dismiss the complaint under both Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

---

[1] More specifically, the contract was terminated for default by the government on March 1, 2022. Compl. ¶ 37.

ECF No. 8.  After the parties fully briefed the motion, the Court held oral argument in this and a directly related matter.[2]

During oral argument, the Court expressed concern that the complaint was not as clear or complete as Plaintiff's counsel believed that it was.  Thirteen days later, Plaintiff moved for leave to amend its complaint.  ECF No. 18.   In its motion for leave, Plaintiff argues that good cause exists to grant the request.  *Id.* at 1.  Plaintiff believes that the amended complaint clarifies its contentions, mainly that the contracting officer acted pretextually in terminating the contract for default.  *Id.* at 2.  Additionally, albeit perfunctorily, Plaintiff states the amendment is not futile, that it will serve justice and promote judicial efficiency, that it will not impose undue prejudice on the government, and that the amendment is not the product of bad faith, an undue delay, or a dilatory motive.  *Id.* at 3.

The amended complaint contains four counts.  First, that the government acted in bad faith in administering the contract and in terminating the contract for default.  ECF No. 18 at 3; *see also* ECF No. 18-1 ¶ 54–159.  Second, that the government breached the implied duty of good faith and fair dealing.  ECF No. 18-1 ¶ 160–66.  Third, that the government waived the contract completion date.  *Id.* ¶ 167–88.  Finally, that Plaintiff is entitled to a time extension resulting from excusable delay.  *Id.* ¶ 189–249.  Additionally, the amended complaint withdrew the material breach count from the original complaint.  ECF No. 18 at 3.

In its opposition to the motion, the government argues that the amendment is a product of undue delay and that all counts of the amended complaint are futile because they will not survive a motion to dismiss.  ECF No. 19.  First, the government argues the amended complaint is the product of undue delay because the alleged deficiencies in the complaint "should have been evident upon [Plaintiff's] review of the United States' motion to dismiss."  ECF No. 19 at 2.  Further, the government argues that, if the Court grants the motion, it will result in the United States having to file a renewed motion to dismiss, which will likely raise the same issues as the prior motion.  ECF No. 19 at 3.

Second, the government posits that all the proposed amendments are futile because they would not survive a motion to dismiss.  ECF No. 19 at 3.  The government then proceeds to conduct a short RCFC 12(b)(6) analysis for the four counts alleged in the amended complaint.  ECF No. 19 at 3–14.  Count I, according to the government, is futile because there are no plausible allegations that the contracting officer formed a scheme to force Plaintiff out of business in the area controlled by the contracting officer.  ECF No. 19 at 4–8.  The government contends that Count II similarly is futile because the complaint does not plausibly allege a prior material breach by the government.  ECF No. 19 at 8–9.  Count III, the government asserts, is also futile because it contradicts binding judicial admissions from Plaintiff earlier in this litigation.  ECF No. 19 at 9–11.  Finally, Count IV is futile, according to the government, because the Court lacks jurisdiction, Plaintiff did not adequately plead the correct number of days to cover the delay in the performance of the contract, and the amended complaint does not allege there was timely notice provided to the government.  ECF No. 19 at 11–14.

---

[2] The related matter was case No. 23-316, which Plaintiff voluntarily dismissed after filing the motion for leave to amend the complaint in this case.

## DISCUSSION

RCFC 15 governs amendments to pleadings.  According to RCFC 15(a), once twenty-one days elapse after service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  As the government does not consent to the filing of an amended complaint, Plaintiff may only amend its complaint with the Court's leave.  Such leave should be freely given when "justice so requires," RCFC 15(a)(2), and the discretion to grant or deny the opportunity to amend is within the Court's discretion, *Centech Grp., Inc. v. United States*, 78 Fed. Cl. 658, 660 (2007); *see also Tamerlane, LTD. v. United States*, 550 F.3d 1135, 1146 (Fed. Cir. 2008) (quoting *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004)).

The Court construes the language of RCFC 15 liberally, and generally grants leave to amend unless there is an "apparent or declared reason" not to permit amendment.  *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Such reasons include undue delay, bad faith, repeated failure to correct deficiencies, undue prejudice to the opposing party, or futility.  *A & D Auto Sales, Inc.*, 748 F.3d at 1158; *see also Northrup Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677, 681–82. ("Although RCFC 15(a) is construed liberally, the court will not allow amendments that unfairly prejudice the opposing party, come after undue delay, are futile, or are offered in bad faith.").  The Court is convinced none of these factors are present here.

First, the Court finds the Plaintiff did not act with undue delay in amending its complaint.  A party should "move to amend its pleading as soon as the necessity for altering the pleading becomes apparent, i.e., at the earliest opportunity."  *Hanover Ins. Co. v. United States*, 134 Fed. Cl. 51, 60 (2017) (internal quotations omitted).  Timeliness is a fact-specific inquiry, *id.*, and "[i]n determining whether delay warrants the denial of leave to amend, the court may consider whether the moving party's delay was justified under the circumstances."  *Square One Armoring Services Co. v. United States*, 152 Fed. Cl. 536, 551 (2021).  Generally, if proceedings are still pending at the trial level, mere delay alone is insufficient to deny a motion to amend.  *Hanover Ins. Co.*, 134 Fed. Cl. at 62; *see also Cooke v. United States*, 79 Fed. Cl. 741, 743 (holding that a delay of nine months to amend answer and add affirmative defenses was insufficient to constitute undue delay); *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 649 (2014) (explaining that the government's twelve month delay, standing alone, was an insufficient reason to warrant denial of leave to amend).  However, significant delay—for instance, one measured in years—on its own can be a sufficient reason to warrant denial of motion for leave to amend.  *California ex rel. Yee v. United States*, 145 Fed. Cl. 802, 811 (2019).  Finally, "[m]ere annoyance and inconvenience [are] insufficient bases to warrant denial of a motion to amend."  *Id.*

The government's principal argument is that Plaintiff's amendment is unduly delayed because the alleged deficiencies "should have been evident upon [Plaintiff]'s review of the United States' motion to dismiss." ECF No. 19 at 2.  In response, Plaintiff highlights the unique nature of this argument by the government, which essentially would have required the Plaintiff to agree with many of the government's assertions from its motion to dismiss, in order to be aware of the alleged deficiencies.  ECF No. 22 at 4.  The Court does not completely agree with the government's argument that these alleged deficiencies should have been immediately clear,

especially given the procedural posture of the case.[3]  According to Plaintiff, only after oral argument did it believe that more clarification would be helpful.  ECF No. 22 at 4.  Taking the Plaintiff's assertion to the Court as true, the thirteen-day gap from oral argument until the filing of this present motion is reasonable.  Thus, the Court finds the slight delay caused by amending the complaint alone is not enough to warrant denial of a motion for leave.[4]

Second, the Court finds the amendments are not futile.  Amendments are futile if they would not survive a motion to dismiss.  *Hanover Ins. Co.*, 134 Fed. Cl. at 63.  Thus, "the party seeking leave must proffer sufficient facts supporting the amended pleading that the claim *could* survive a dispositive pretrial motion." *Sonoran Tech. & Pro. Servs., LLC v. United States*, 133 Fed. Cl. 401, 403 (2017) (emphasis added) (citations omitted).  Stated differently, "[w]hen futility is asserted as a basis for denying a proposed amendment, courts do not engage in an extensive analysis of the merits of the proposed amendments." *California ex rel. Yee*, 145 Fed. Cl. at 812 (citing *St. Paul Fire & Marine, Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994)).  Rather, as long as there are sufficient facts in the amendment that could lead to a claim surviving a dispositive motion, the amendment is not futile.  *Square One Armoring Servs. Co*, 152 Fed. Cl. at 545.

After oral argument, the Court was prepared to at least partially deny the government's motion to dismiss for failure to state a claim.  The Court believes the original complaint contained sufficient material to plausibly state a claim; therefore, the amended complaint, which includes almost all the allegations from the original complaint with additions, would likely survive, at least in part, a challenge under RCFC 12(b)(6).  Although Plaintiff's amended complaint may not, in its entirety, survive a motion to dismiss, making that determination on the limited briefing provided in the government's opposition to Plaintiff's motion for leave does not appear to be the best use of judicial resources.  Accordingly, rather than ruling on what is essentially a dispositive motion in the form of an opposition to a motion for leave to amend, the Court believes it would be more appropriate to address these arguments after full briefing on a motion to dismiss (if the government chooses to refile such a motion in response to Plaintiff's amended complaint).

---

[3] While the government may be correct that the Plaintiff should have exercised its amendment as of right under RCFC 15 after reading the government's motion to dismiss, failure to do so does not bar Plaintiff from moving for leave under RCFC 15(a)(2).  Furthermore, as discussed below, after considering the case post oral argument, the Court was not going to grant the government's motion to dismiss in full.  As such, denying leave to amend the complaint at this juncture would leave this case in an interesting posture.  If the motion for leave were to be denied, and the original motion to dismiss was denied (at least in part), Plaintiff would be free to move to amend its complaint after the Court denied the government's motion to dismiss.

[4] The government also argues that allowing Plaintiff to amend now will result in a duplication of effort.  ECF No. 19 at 3.  Standing alone, inconvenience or annoyance are not enough to warrant denial of a motion to amend.  *California ex rel. Yee*, 145 Fed. Cl. at 811.  As such, the Court disagrees with the government that any potential duplication of effort is enough to warrant denial of a motion to amend.

4

## CONCLUSION

      The Court hereby **GRANTS** Plaintiff's motion for leave to file an amended complaint, pursuant to RCFC 15(a)(2). Plaintiff **SHALL** file its amended complaint as a separate docket entry on or before **January 31, 2024**. Furthermore, the government has, consistent with RCFC 15(a)(3), 14 days after service of the amended pleading to answer or otherwise respond.

**IT IS SO ORDERED**.

                                                      s/ Zachary N. Somers  
                                                      ZACHARY N. SOMERS  
                                                      Judge